J-S58007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS LOMAX, | |
| Appellant | No. 854 WDA 2013 |

Appeal from the Judgments of Sentence September 20, 2011
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0007260-2010;
CP-02-CR-0018407-2009

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 15, 2014**

In these consolidated cases, Appellant, Nicholas Lomax, appeals from the judgments of sentence imposed following his entry of guilty pleas in case Nos. CC 200918407 and CC 201007260. Counsel for Appellant has petitioned to withdraw on the ground that Appellant's issues on appeal are wholly frivolous. We grant counsel's petition to withdraw and affirm the judgments of sentence.

On September 20, 2011, the trial court held a guilty plea and sentencing hearing for cases CC 200918407 and CC 201007260.[1] In case

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant also executed a nine-page, sixty-eight question written guilty plea colloquy applicable to both cases while his attorney was available for consultation.

CC 200918407, Appellant entered an open guilty plea to one count each of carrying a firearm without a license, possession of a firearm by a minor, and person not to possess a firearm.[2] The charges stem from a June 30, 2009 incident, during which the vehicle in which Appellant was a backseat passenger drove directly at and nearly collided with an Allegheny County Deputy Sheriff's vehicle. Deputy Shatkoff[3] ordered Appellant out of the vehicle and observed him make a kicking motion under the backseat before exiting. Deputy Shatkoff recovered a semi-automatic pistol from under the backseat. At the September 20, 2011 hearing, Appellant's counsel requested a sentence in the mitigated range with a recommendation for boot camp. The trial court sentenced Appellant in the standard range to a term of forty-two to eighty-four months' incarceration, followed by five years of probation.[4] The court did not recommend Appellant for boot camp.

In case CC 201007260, Appellant entered a negotiated guilty plea to one count of person not to possess a firearm.[5] In exchange for this plea, the

_____

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6110.1(a), and 6105(c)(1), respectively.

[3] Our review of the certified record did not reveal Deputy Shatkoff's first name.

[4] Appellant had previous adjudications in juvenile court for robbery and possession of a firearm by a minor. (**See** N.T. Guilty Plea and Sentencing Hearing, 9/20/11, at 9, 16).

[5] 18 Pa.C.S.A. § 6105(c)(1).

Commonwealth withdrew the remaining charges brought against Appellant, specifically, one count of carrying a firearm without a license and three counts each of terroristic threats and simple assault.[6] The charges arose from an April 25, 2010 report to police by Appellant's next-door neighbor that Appellant had displayed a semi-automatic firearm to her ten and eleven year old grandchildren and threatened to shoot and kill them. The trial court sentenced Appellant to a term of not less nineteen nor more than thirty-eight months' incarceration. Pursuant to the plea agreement, the court ran this sentence concurrently with the sentence imposed in case CC 200918407.

Appellant did not file post-sentence motions or a direct appeal. Counsel for Appellant filed a petition to withdraw from representation, and the court granted the petition and appointed new counsel. On September 20, 2012, Appellant filed a counseled PCRA petition. On October 30, 2012, the PCRA court entered an order granting the petition and reinstating Appellant's post-sentence and direct appeal rights.

On November 9, 2012, Appellant filed post-sentence motions in which he sought to withdraw his guilty pleas or have the court reconsider his sentence. On April 18, 2013, the post-sentence motions were denied by

_____

[6] 18 Pa.C.S.A. §§ 6106(a)(1), 2706(a)(1), and 2701(a)(3), respectively.

operation of law. **See** Pa.R.Crim.P. 720(B)(3)(b). This timely appeal followed.[7]

On June 10, 2014, counsel for Appellant filed an **Anders**[8] brief and a petition to withdraw as counsel stating her belief that this appeal is wholly frivolous. (**See** Motion to Withdraw as Counsel, 6/10/14, at unnumbered page 4). Counsel has submitted to this Court a copy of her letter to Appellant, enclosing a copy of the **Anders** brief, informing him of the petition to withdraw, and advising him of his right to retain new counsel or proceed with the appeal *pro se*. (**See** Letter from Christy P. Foreman, Esq. to Appellant, 6/10/14, at unnumbered page 1). Appellant has not responded.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

_____

[7] Pursuant to the trial court's order, Appellant filed a timely statement of errors complained of on appeal on September 5, 2013. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on December 5, 2013. **See** Pa.R.A.P. 1925(a).

[8] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. O'Malley***, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the ***Anders*** and ***Santiago*** requirements. She has submitted a brief that summarizes the case, (***see Anders*** Brief, at 7-11); referred to anything that might arguably support the appeal, (***see id.*** at 13, 18, 22); and set forth her reasoning and conclusion that the appeal is frivolous, (***see id.*** at 12-22). ***See Santiago***, ***supra*** at 361. Counsel has filed a petition to withdraw, sent Appellant a letter advising that she concluded that there are no non-frivolous issues, provided him with a copy of the ***Anders*** brief, and notified him of his right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of ***Anders*** and ***Santiago***, we will undertake our own review of the appeal to determine if it is wholly frivolous. ***See O'Malley***, ***supra*** at 1266.

The ***Anders*** Brief raises the following issues for our review:

1. Whether Appellant's guilty plea was unlawfully induced because it was not knowing, intelligent, and voluntary[?]

2. Whether the sentence imposed upon Appellant was excessive[?]

(***Anders*** Brief, at 6).

In his first issue, Appellant challenges the validity of his guilty pleas, claiming that the pleas were unlawfully induced because he did not knowingly, intelligently and voluntarily enter them. (***See Anders*** Brief, at 13). Specifically, Appellant argues that the pleas were invalid because the trial court rejected the negotiated plea agreement and inappropriately refused to make a recommendation for boot camp. (***See id.***). He also asserts that trial counsel did not fully explain the plea agreement to him. (***See id.***). This issue does not merit relief.

"Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted). "[T]he decision as to whether to allow a defendant to [withdraw a guilty plea] is a matter within the sound discretion of the trial court." ***Id.*** (citation omitted). "In considering whether the [trial] court abused its discretion in not permitting withdrawal of the plea it must be emphasized that there is an important distinction between presentencing attempts to withdraw a guilty plea and post-sentencing attempts." ***Commonwealth v. Shaffer***, 446 A.2d 591, 592-93 (Pa. 1982).

- 6 -

[A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. . . .

. . . [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly.

* * *

The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations and quotation marks omitted).

"Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046-47 (Pa. Super. 2011) (citation omitted). The comment to the rule provides, in pertinent part:

At a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

When addressing an appellate challenge to the validity of a guilty plea, we are mindful that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Yeomans*, *supra* at 1047 (citation omitted).

Here, at the guilty plea and sentencing hearing, the Commonwealth explained that there was no plea agreement with respect to case CC 200918407. (*See* N.T. Guilty Plea and Sentencing Hearing, 9/20/11, at 3). The Commonwealth further explained that, in case CC 201007260, there was a negotiated plea agreement pursuant to which the Commonwealth agreed to withdraw the remaining charges brought against Appellant and the sentence would run concurrently with the sentence in case CC 200918407. (*See id.* at 3-4). Appellant indicated that he understood the terms of the plea agreement and that he did not have any questions. (*See id.* at 4). The court went over the charges brought against Appellant and the maximum potential sentences and fines that it could impose, and the

Commonwealth explained the factual bases for the pleas. (*See id.* at 4-9).

The court engaged Appellant in an oral colloquy in which it apprised him of

his right to a trial and of the Commonwealth's burden of proof. (*See id.* at

10). Appellant assured the court that he understood his rights, that he was

pleading guilty to the charges because he was guilty, and that there had

been no threats or promises made to influence him to plead guilty. (*See id.*

at 10-11; *see also id.* at 16).

With respect to the written plea colloquy, Appellant indicated that he

filled out the form while counsel was available for consultation, that he

understood its contents, and that he did not have any questions about the

form.[9] (*See id.* at 12). Appellant also averred that he was satisfied with

counsel's representation. (*See id.* at 12-13). The trial court accepted

Appellant's guilty pleas and stated its finding that Appellant understood the

proceedings and knowingly, intelligently, and voluntary entered the pleas.

(*See id.* at 13). The court advised Appellant of his right to file a petition

seeking withdrawal of his guilty pleas before sentencing, and Appellant

_____

[9] In the written plea colloquy, Appellant acknowledged, *inter alia,* that he:
(1) was aware of the nature of the charges to which he was pleading guilty
(*see* Guilty Plea Colloquy, 9/20/11, at 2 ¶¶ 6, 8); (2) understood the factual
bases for the pleas (*see id.* at ¶ 7) (3) understood his right to trial by jury
(*see id.* at ¶ 9); (4) understood that he was presumed innocent until proven
guilty (*see id.* at 3 ¶ 17); (5) was aware of the permissible range of
sentences for the offenses charged (*see id.* at 7 ¶ 44); and (6) understood
that the court was not bound by the terms of the plea agreement (*see id.* at
8 ¶ 58); *see also* Pa.R.Crim.P. 590, Comment.

expressly gave up this right and elected to proceed immediately to sentencing. (*See id.*). When the court asked Appellant what he wished to say on his behalf, Appellant responded, "I accept the plea." (*Id.* at 15).

During the sentencing portion of the hearing, Appellant's counsel requested a sentence in the mitigated range with a recommendation for boot camp. (*See id.* at 15). However, counsel also advised: "I did explain to [Appellant] that this is just a recommendation. That doesn't always mean it is going to happen. . . . I explained that to [Appellant's] mother and they are fully aware of it." (*Id.*). The court declined to recommend boot camp or impose a mitigated-range sentence, explaining:

> I'm not going to recommend boot camp. I think he is a dangerous person. He has guns, guns, and more guns. Robbery. It doesn't seem to matter that he has a conviction pending. He gets another one. I think this is ridiculous to have anything less than a standard range sentence in this case. And I will not recommend boot camp, because again, I don't think that's appropriate for someone who was involved in this much criminal activity.
>
> *         *         *
>
> I think this [sentence] is appropriate, due to the fact that [Appellant] has been involved with firearms throughout his young life. Pretty often, it seems, and these are certainly situations that are just [rife] with potential disaster— . . . a young man with a firearm, over and over, repeatedly after he has been caught and told and knows not to continue and continues to break the law with [p]ossession of a [f]irearm and these charges. That's it. I think this is appropriate. It is a standard range sentence. . . .

(*Id.* at 17-19).

Thus, a review of the record belies Appellant's claims that the trial court rejected the plea agreement and inappropriately refused to make a recommendation for boot camp. Further, Appellant stated on the record that he understood the terms of the plea agreement and that he "accept[ed] the plea" (*id.* at 15; *see id.* at 3-4); he cannot now "assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Yeomans*, *supra* at 1047 (citation omitted). Upon examination of the totality of the circumstances, *see Prendes*, *supra* at 352, we conclude that the record wholly supports the trial court's finding that Appellant knowingly, intelligently and voluntarily pleaded guilty. Therefore, the court did not abuse its discretion in denying Appellant's post-sentence request to withdraw his guilty pleas. *See Pollard*, *supra* at 522. Appellant's first issue lacks merit.[10]

In his second issue, Appellant challenges the discretionary aspects of his sentence. Specifically, he argues that the sentence imposed was

_____

[10] To the extent Appellant argues that counsel was ineffective in connection with entry of the guilty pleas (*see Anders* Brief, at 2, 13; Commonwealth's Brief, at 14), we dismiss his claim without prejudice, should he decide to pursue it in a timely-filed PCRA petition. *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (reaffirming general rule that ineffective assistance of counsel claims must await collateral review); *see also Commonwealth v. Stollar*, 84 A.3d 635, 652 (Pa. 2014), *cert. denied*, 134 S.Ct. 1798 (2014) (dismissing, pursuant to *Holmes*, appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review).

excessive even though it was within the standard range. (**See Anders Brief**, at 6, 18, 22). This issue does not merit relief.

Our standard of review in sentencing matters is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

**Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

However, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation omitted).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [**See** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-30 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations and quotation marks omitted).

In the instant case, Appellant has complied with the first two requirements because he filed a timely notice of appeal and preserved his claim in a timely post-sentence motion. *See id.* While the *Anders* brief does not contain a Rule 2119(f) statement, we decline to find waiver in light of counsel's petition to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing appellant's challenges to discretionary aspects of sentence despite deficient Rule 2119(f) statement in *Anders* brief); *see also Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal).[11] With respect to the fourth requirement:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citations and quotation marks omitted). This Court has held that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." *Commonwealth v. Fisher*, 47 A.3d 155,

---

[11] We also decline to find waiver on the basis that the Commonwealth has not objected to Appellant's failure to include a Rule 2119(f) statement. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003).

159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) (citation omitted). Thus, Appellant's bald claim that his sentence is excessive does not raise a substantial question. ***See id.***

Moreover, after independent review of the record, ***see O'Malley***, ***supra*** at 1266, we conclude that Appellant's claim that his sentence is excessive is frivolous, and the trial court did not abuse its discretion in imposing the sentence. ***See Clarke***, ***supra*** at 1287. As discussed above, the trial court comprehensively stated on the record its reasons for its determination that, based on Appellant's history of illegal involvement with firearms, a sentence in the mitigated rage with a recommendation for boot camp was inappropriate. Furthermore, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." ***O'Malley***, ***supra*** at 1266.

Judgments of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: **10/15/2014**